## CIRCUIT COURT OF HENRICO COUNTY

Department of Mental Health

    v.

Gertrude Johnson et al.

July 20, 1982

Case No. 82-L-14

By JUDGE E. BALLARD BAKER

Pursuant to Virginia Code § 37.1-110, the Department of Mental Health has petitioned this Court for judgment against Gertrude Johnson for charges for her maintenance at Eastern State Hospital and for an order that trustees of a trust in which Gertrude Johnson is a beneficiary pay the Department the cost of treatment from the trust.

At a hearing on July 2, 1982, a judgment for $24,551.80 with interest from March 19, 1982, was awarded against Gertrude Johnson. Whether the trustees can be made to pay any sums from the trust was taken under advisement.

Gertrude Johnson was committed to Eastern State on October 15, 1978. At the death of her husband on August 6, 1968, she became beneficiary of a trust created by his Will, executed on April 16, 1965. The trust applied to the intangible property, the real estate and tangible property going to Gertrude Johnson outright. On December 31, 1981, the value of the trust assets was $19,866.43. Under terms of the trust, the trustee:

(1) Shall pay to, or apply for her benefit, the net income in at least annual installments; and

(2) Shall be authorized to pay to, or apply for her benefit, ". . . so much of the principal of the Trust Estate as the Trustee, in its discretion, may deem necessary or proper from time to time in order to provide for her maintenance, support or needs."

On the death of Gertrude Johnson, the assets of the trust are divided among the children of the testator.

The only issue here is whether the principal of the trust estate is subject to the claim of the Department.

Without question, the Department has been taking care of Gertrude Johnson's needs, and has been maintaining and caring for her. For this, the Department has been receiving social security benefits of $395.70 since December 1981 and medicare payments of $3,516.10. These latter payments ceased when federal authorities became aware of the trust.

Sections 37.1-105, 37.1-108, 37.1-110 and 37.1-112 relate to this matter. Briefly, they provide that a person in a state hospital is a patient, that the estate of the patient or the person legally liable for support of the patient is liable for the care and maintenance of the patient. The statutes allow the Department to investigate and ascertain which patients or which of the persons legally responsible are financially able to pay. The procedure adopted by the Department here is authorized when it appears that

Such patient, his guardian, committee, trustee, or the person or persons legally liable for the support of such person, has sufficient estate, or there is evidence of ability to pay such expenses. . . (§ 37.1-110).

The provision quoted above was in effect when this suit was filed on January 25, 1982. (Acts of Assembly 1979, Chap. 669). The 1982 General Assembly rewrote the section. The pertinent language now appears to substitute ". . . is able. . ." for ". . . there is evidence of ability to pay. . ." and deletes the comma after "trustee". Without agreeing that there is any significant difference in this change, this opinion is based on § 37.1-110 prior to the 1982 revision. V.C. § 1-16.

The factual situation here has not been before the Supreme Court of Virginia. Two Circuit Courts have had a similar situation, with different results.

The Circuit Court of the City of Richmond, on March 19, 1979, held against the Department's position as to a trust for a daughter of the testator where the trustee had ". . . absolute discretion. . ." to use principal and income for the support and maintenance of the girl. The will was executed on January 3, 1951; the daughter had been institutionalized since November 11, 1945. The daughter's inability to handle property appears to have been recognized in the will, she being the only child for whom a trust was created.

The Circuit Court of Accomack County, on December 4, 1981, held for the Department as to a trust for the testator's wife where the trustee was given ". . . absolute discretion. . ." as to what amounts ". . . may be expended for her benefit." It appears that the mental competency of the wife was a matter of concern to the testator in the will. This decision is presently on appeal.

The Richmond Court, as does the trustee here, cited the opinion of Judge Brockenbrough Lamb in Pedin's Case, 1 Opinions of Lamb, p. 138. That, too, involved a claim by the Commonwealth for payment for maintenance of a person at Eastern State from funds held in trust. Judge Lamb held against the Commonwealth. While he did hold that the trust involved was a discretionary trust and one in which the beneficiary had no "estate", he seems to find the answer in the

testamentary intent and points out that when the will was written and the trust created the policy of the Commonwealth was not to require any contribution for the maintenance of a person at Eastern State. That policy was changed in 1949 and Pedin, as authority to support the trustee, is shaky.

19 Michie's Jurisprudence, Trusts, sect. 58, points out that

> [T]rust estates are liable to all debts and charges of the cestui que trust, like legal estates.

However, there are exceptions to this general rule. Virginia allows a spendthrift trust by statute, which this is not. The law also recognizes a discretionary trust, which this is.

At 76 Am. Jur. 2d, Trusts, sect. 164, the following appears:

> A trust protective against the grantees or assignees and against the creditors of the beneficiary by virtue of a provision vesting discretion in the trustee to determine the time, amount, or manner of payments to a beneficiary generally, is recognized to be valid. The protection of such a trust results from the nature of the beneficiary's interest, and not from any restraint on alienation. The question in cases involving such trusts is not one of the power, but of the intention, of the testator or grantor to prohibit the anticipation or exclude the creditor or alienee, and if the court is satisfied of the intention in that respect, it will enforce it.

An Annotation in 92 ALR2d 838 deals with the present issue, and makes the following observation:

> [T]he question has inevitably arisen, may the state reach property such as a trust

fund in which the incompetent holds only a beneficial interest?

A substantial number of courts have answered the question in the affirmative and, apart from considerations peculiar to the individual case, accord the public a general right to reach and recover from trust funds its costs for institutional maintenance of the incompetent beneficiary.

One factor often discussed by the courts in determining whether a particular trust is vulnerable to the claims of the public authorities is the intention of the testator in establishing the trust. The trust is especially vulnerable where it appears it was the settlor's intent in establishing it to provide for the general benefit and support of the incompetent. The converse is also true and the principal modern instances in which the state's recovery has been restricted or denied are cases where the settlor was explicit in stating his intention that the fund be used for purposes other than general support and maintenance. (92 ALR2d 841-842). . .

Although some courts take a contrary view, the contention that an otherwise vulnerable trust should be immune from the public authorities' claims because it incorporates discretionary or spendthrift provisions is generally rejected. (92 ALR2d 842).

This trust was created by the Will of Albert G. Johnson, the husband of Gertrude. Albert died on August 6, 1968. At that time Gertrude was not a patient in a state hospital. Albert gave to her, in his Will, all of his real and tangible personal property. This indicates that he had no concern about her ability to handle property.

The trust relates only to intangible property. Income "shall" be paid annually to Gertrude. As to the principal, the

> Trustee shall be authorized to pay to her and/or apply for her benefit so much of the principal of the Trust Estate as the Trustee, in its discretion, may deem necessary or proper from time to time in order to provide for her maintenance, support or needs.

While the discretion and authority of the trustee may be such that an ordinary creditor could not reach the principal, the statutes referred to before give the Department a position somewhat stronger than that enjoyed by an ordinary creditor. When the Department finds that the patient or his trustee ". . . has sufficient estate, or there is evidence of ability to pay such expenses. . ." the Department may proceed as done here. The procedure being authorized where ". . . there is evidence of ability to pay. . .", it would be a strange procedure indeed to say that the Department loses in the end because there is no "estate" in the narrow legal sense.

When Albert Johnson drew this Will, April 16, 1965, he was charged with knowing that the Commonwealth sought recovery for expenses of patients in mental hospitals, even though he may have had no reason to expect Gertrude would become a patient. The facility of payment provision, Article VI, recognizes the possibility of mental incompetence, but does not prohibit payment of income and principal for the benefit of Gertrude in such a case.

The language presently found in § 37.1-110 ". . . has sufficient estate, or there is evidence of ability to pay. . ." is not of recent origin. It can be found in what was § 37-125.6 as a part of Chapter 465 of the Acts of Assembly of 1950, at page 918. It cannot be argued that Albert Johnson's Will and his intent with respect to the trust are being construed in the light of changed statutes he could not have contemplated.

This Court is of opinion that Albert Johnson's intent was that the trust be used to provide for the maintenance, support or needs of Gertrude, that there is no intent that it be used for purposes other than those, that the Department has been providing for her maintenance, support and needs, that there is an ability to pay from this trust created for her benefit, that the policy of the Commonwealth is to require payment from this trust, and that the trustees can be compelled to use principal to meet the cost of maintaining, supporting and providing for the needs of Gertrude.

The Department has provided precisely that for which the trust was created. There is nothing to show an intent that the principal not be used to repay the Department.